# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 17-10332-NMG |
| EDWARD J. ABELL, III, | ) |
| | ) |
| | ) |
| Defendant | ) |
| | ) |

### REPORT IN LIEU OF INITIAL STATUS CONFERENCE
### PURSUANT TO LOCAL RULE 116.5 (a)

**December 19, 2017**

Hennessy, M.J.

Defendant Edward J. Abell, III, is charged in an indictment with five counts of Wire Fraud, in violation of 18 U.S.C. § 1343, one count of Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and two counts of Unlawful Monetary Transactions, in violation of 18 U.S.C. § 1957. I scheduled an Initial Status Conference for December 19, 2017 in Worcester. However, prior to the conference, counsel filed a joint memorandum that obviates the need for the conference. On the basis of the memorandum, I cancel the status conference and report as follows:

**Local Rule 116.5(a)(1) through (4)**

The United States has produced automatic discovery. It anticipates providing additional discovery this week which will include financial records and forensic images of the contents of devices seized during the search of Defendant's residence. Further, the United States anticipates providing additional records in the next 30 days. There are no pending discovery requests. Defendant needs additional time to review discovery to determine whether to serve discovery requests. **The parties are directed to confer on identifying documents or categories of**

**documents on which the United States is likely to rely in its case-in-chief**. The parties do not anticipate the need for protective orders, but reserve the right to seek such orders should the need for them arise.

**Local Rule 116.5(a)(5)**

Defendant is directed to report at the Interim Status Conference whether, based on a review of discovery, he will file pretrial motions pursuant to Fed.R.Crim. P. 12(b).

**Local Rule 116.5(a)(6)**

The parties request that the government's expert disclosures, if any, be due thirty (30) days before trial, and that Defendant's expert disclosures, if any, be due twenty-one (21) days before trial. I allow that request.

**Local Rule 116.5(a)(7)**

Pursuant to an order of this court, I have excluded the period from November 7, 2017 (the date of Defendant's arraignment on the Indictment), through December 19, 2017 (the date of the Initial Status Conference) from the time in which trial of this case must commence. The parties further agree that the period from December 19, 2017 through the Interim Status Conference that I have set for February 2, 2018 should be excluded under the interest of justice provision of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). I will allow that request and enter a separate written order. It appears that no days are chargeable against the statutory speedy trial clock. <u>See</u> Order of Excludable Delay entered on this date.

**Local Rule 116.5(a)(8)**

An Interim Status Conference will take place in this case on Friday, February 2, 2018 at 2:00 p.m., in Courtroom #1, Fifth Floor, Donohue Federal Building, 595 Main Street, Worcester, Massachusetts. If the parties file a joint memorandum that addresses Local Rule 116.5(b) which

obviates the need for the status conference, the Court will waive the status conference. Counsel are invited to appear by telephone if that is more convenient. If any counsel wishes to appear by telephone, he or she is to contact Lisa Belpedio before the conference and provide her with a landline telephone number at which counsel can be reached. The parties are to address in the memorandum or at the interim status conference when they expect this matter can be returned to Judge Gorton.

                                      */s/ David H. Hennessy*
                                      David H. Hennessy
                                      United States Magistrate Judge