# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 17-10332-NMG |
| EDWARD J. ABELL, III, | ) |
| | ) |
| | ) |
| Defendant | ) |
| | ) |

### REPORT AFTER INITERIM STATUS CONFERENCE
### PURSUANT TO LOCAL RULE 116.5 (b)

**February 2, 2018**

Hennessy, M.J.

Defendant Edward J. Abell, III, is charged in an indictment with five counts of Wire Fraud, in violation of 18 U.S.C. § 1343, one count of Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and two counts of Unlawful Monetary Transactions, in violation of 18 U.S.C. § 1957. I held an Interim Status Conference on February 2, 2018 in Worcester that counsel for the parties attended by telephone. On the basis of the conference and a joint memorandum submitted before, I report as follows:

**Local Rule 116.5(b)(1) through (4)**

The United States has completed the production of discovery. It comprises approximately 400 pages of documents produced pre-indictment, over 23,000 pages of documents in electronic format that are searchable, and five terabytes of information imaging the contents of devices seized at defendant's residence and searched. As to the last category of discovery, Defendant has encountered problems opening the files. The parties are cooperating in addressing this issue. The United States does not anticipate producing further discovery. There are no pending discovery

requests. Defendant needs additional time to review discovery to determine whether to serve discovery requests. The parties do not anticipate the need for protective orders, but reserve the right to seek such orders should the need for them arise.

**Local Rule 116.5(b)(5)**

Defendant is directed to report at the further Interim Status Conference on March 9, 2018 whether, based on a review of discovery, he will file pretrial motions pursuant to Fed.R.Crim. P. 12(b).

**Local Rule 116.5(b)(6)**

At the parties' request, I have ordered that the government's expert disclosures, if any, be due thirty (30) days before trial, and that Defendant's expert disclosures, if any, be due twenty-one (21) days before trial.

**Local Rule 116.5(b)(7)**

Defendant does not anticipate raising defenses of insanity, public authority, or alibi.

**Local Rule 116.5(b)(8)**

Pursuant to orders of this court, I have excluded the period from November 7, 2017 (the date of Defendant's arraignment on the Indictment), through February 2, 2018 (the date of the Interim Status Conference) from the time in which trial of this case must commence. The parties further agree that the period from February 2, 2018 through the further Interim Status Conference that I have set for March 9, 2018 should be excluded under the interest of justice provision of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). I will allow that request and enter a separate written order. It appears that no days are chargeable against the statutory speedy trial clock. See Order of Excludable Delay entered on this date.

**Local Rule 116.5(b)(9)**

The parties have engaged in plea discussions that did not result in an agreement. There are no current plea discussions. A trial would require seven days.

**Local Rule 116.5(b)(10)**

A further Interim Status Conference will take place in this case on Friday, March 9, 2018 at 2:00 p.m., in Courtroom #1, Fifth Floor, Donohue Federal Building, 595 Main Street, Worcester, Massachusetts. If the parties file a joint memorandum that addresses Local Rule 116.5(b) which obviates the need for the status conference, the Court will waive the status conference. Counsel are invited to appear by telephone if that is more convenient. If any counsel wishes to appear by telephone, he or she is to contact Lisa Belpedio before the conference and provide her with a landline telephone number at which counsel can be reached. The parties are to address in the memorandum or at the interim status conference when they expect this matter can be returned to Judge Gorton.

*/s/ David H. Hennessy*
David H. Hennessy
United States Magistrate Judge