# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 17-10332-NMG |
| EDWARD J. ABELL, III, | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

### REPORT AFTER FINAL STATUS CONFERENCE PURSUANT TO LOCAL RULE 116.5 (c ) and ORDER ON EXCLUDABLE TIME

**May 4, 2018**

Hennessy, M.J.

Defendant Edward J. Abell, III, is charged in an indictment with five counts of Wire Fraud, in violation of 18 U.S.C. § 1343, one count of Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and two counts of Unlawful Monetary Transactions, in violation of 18 U.S.C. § 1957. I held a final status conference on May 3, 2018 in Worcester which Counsel for the parties attended by telephone. On the basis of the conference, I report as follows:

**Local Rule 116.5(c)(2)**

The parties move for a pretrial conference before the District Judge in order to schedule a trial date. As discussed below, there is a pending motion request, and I have granted Defendant's assented-to motion to continue the discovery deadline to June 4.

(A) The United States has completed the production of discovery other than so-called 21-day materials, and the following: The government recently responded to a discovery request by obtaining records from an accounting firm that had served as an agent for a corporation alleged to have been victimized by

Defendant's embezzlements.  There is now pending a further request to the government for financial records from the three affiliated alleged victim companies.  These documents are not in the custody of the government, but – to the extent they exist – in the custody of the affiliated companies.  If the government is unsuccessful in obtaining voluntary production from the companies, Defendant will consider a Rule 17(c ) subpoena.

(B) <u>See</u> A.

(C) Defendant will not be filing pretrial motions pursuant to Fed.R.Crim. P. 12(b).

(D) Pursuant to orders of this court, I have excluded the period from November 7, 2017 (the date of Defendant's arraignment on the Indictment), through May 3, 2018 (the date of the Final Status Conference) from the time in which trial of this case must commence.  The parties further agree that the period from May 3, 2018 through the initial pretrial conference before Judge Gorton should be excluded under the interest of justice provision of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) to allow resolution of a pending discovery request pending, and trial preparation.  I will allow that request, and enter below a written order.  No days are chargeable against the statutory speedy trial clock.

(E) Trial should require seven days.

**Local Rule 116.5(c )(3)**

I have ordered that the government's expert disclosures, if any, be due thirty (30) days before trial, and that Defendant's expert disclosures, if any, be due twenty-one (21) days before trial.

Defendant does not anticipate raising defenses of insanity, public authority, or alibi.

Defendant is on pretrial release.

The parties have not foreclosed the possibility of a non-trial disposition of the case.

There are no other matters specific to this case to bring to Judge Gorton's attention.

**Order on Excludable Time**

I hereby ORDER the exclusion of time pursuant to the below-referenced provision of the Speedy Trial Act from Thursday, May 3, 2018 (the date of the Final Status Conference), through the date of the initial pretrial conference.  I exclude this continuance, pursuant to 18 U.S.C. § 3161(h)(7)(A), because I find that the ends of justice served by taking such action outweigh the best interest of the public and Defendant in a speedy trial.  Specifically, there is a pending discovery request which, if resolved by the government's efforts to obtain voluntary production of documents, obviates motion practice, and thus serves the best interest of the public and

Defendant in a speedy trial.  I find also that to not grant such a continuance would deny both the

United States and Defendant the reasonable time necessary for effective preparation, taking into

account the exercise of due diligence.[1]


                              */s/ David H. Hennessy*
                              David H. Hennessy
                              United States Magistrate Judge

---

[1]  The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge.  The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto.  The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law.  The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review.  See Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140 (1985).