United States District Court
District of Massachusetts

|  |  |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>Edward J. Abell, III,<br><br>    Defendant,<br><br>    and<br><br>Nationwide Trust Company, FSB,<br><br>    and<br><br>W2 Group 401(K) Plain,<br><br>    Garnishees. | Criminal Action No.<br>17-10332-NMG |

MEMORANDUM & ORDER

GORTON, J.

Edward J. Abell, III ("Abell" or "defendant") plead guilty to eight counts of wire fraud and money laundering and was sentenced by this Court to 97 months incarceration and three years supervised release. The Court also issued an Order of Forfeiture for criminal restitution in the amount of $3,879,750. Inclusive of accrued interest and net of payments to date, defendant currently owes $3,968,490.35 in restitution.

In July, 2019, this Court allowed the government's application for a Writ of Garnishment of defendant's W2 Group 401(K) Plan ("the 401(k) Account"), the approximate value of which is $393,500. Defendant objected that the government was attempting to levy property that is exempt from forfeiture pursuant to 18 U.S.C. § 3613(a)(1) and 26 U.S.C. § 6334. In October, 2019, defendant's wife, Shilo Abell ("Ms. Abell"), filed a notice with the Court claiming an interest in the 401(k) Account. On January 16, 2020, this Court convened a garnishment hearing to adjudicate defendant's objection and Ms. Abell's competing claim.

Pursuant to the Mandatory Victims Restitution Act, the government is responsible for enforcing restitution orders. 18 U.S.C. § 3663A. The Federal Debt Collection Procedure Act ("FDCPA") authorizes the government to utilize writs of garnishment to enforce such orders. 28 U.S.C. § 3001 et seq.; see also U.S. v. William, 648 F.3d 40, 49 (1st Cir. 2011). The FDCPA permits garnishment of property "in which the debtor has a substantial nonexempt interest." 28 U.S.C. § 3205(a). Property is exempt if it falls within certain enumerated statutory exemptions from levy for delinquent federal taxes. 18 U.S.C. § 3613(c). Here, none of those exemptions apply.

Defendant and Ms. Abell (collectively, "the Abells") oppose garnishment on the additional ground that Ms. Abell has a vested interest in the 401(k) Account by virtue of her marriage to the defendant. The Abells submit that Massachusetts property law compels equitable distribution of marital assets and, therefore, Ms. Abell is entitled to an equitable portion of the funds in the 401(k) Account.

The argument that Massachusetts property law precludes garnishment of defendant's 401(k) Account is unavailing. Persuasive caselaw indicates that the pre-divorce property interest of an individual in her spouse's ERISA-qualified retirement account is governed exclusively by federal law, not state property law. See, e.g., United States v. Novak, 476 F.3d 1041, 1061 (9th Cir. 2007) (en banc) ("Retirement plans covered by ERISA . . . are governed exclusively by federal law."); United States v. Beulke, 892 F. Supp. 2d 1176, 1180 (D.S.D. 2012) ("Federal law, not state community property law, determines whether a person has a 'property or a right to property' interest in an ERISA-qualified pension plan."). It is undisputed that the Abells are still married. In the absence of a divorce decree or other qualifying domestic relations order, state property law will not displace federal law with respect to

a spouse's alleged claim to a 401(k) Account subject to a criminal restitution order. See Beulke, 892 F. Supp. 2d at 1180.

The government acquired a lien over the 401(k) Account as a result of this Court's order of criminal restitution. 18 U.S.C. § 3613(c); see also Novak, 476 F.3d at 1061. The rights attached to the government's lien are dictated by the rights the debtor himself enjoys with respect to the 401(k) Account pursuant to ERISA. See United States v. Nat'l Bank of Commerce, 472 U.S. 713, 725, (1985); see also Beulke, 892 F. Supp. 2d at 1182. Here, the defendant was entitled to receive, without spousal consent, $393,500, the approximate total value of the vested funds in his 401(k) Account, upon termination of his employment. The government is, therefore, entitled to garnish the same.

Accordingly, neither the objection of defendant nor the competing claim of Ms. Abell is sufficient to defeat the government's Writ of Garnishment with respect to defendant's 401(k) Account.

## ORDER

Pursuant to 28 U.S.C. § 3205(c)(7), the Garnishee, W2 Group 401(K) Plan, shall disburse all funds held on behalf of the defendant, Edward J. Abell, III, to:

Clerk of Court, c/o United States District Court,
One Courthouse Way, Suite 2300,
Boston, MA 02110

This Court further orders that payments of any taxes and/or penalties resulting from the withdrawal of said funds are to be paid directly from the funds prior to the balance being paid to the Clerk.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated January 17, 2020